

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-82,672-01

### EX PARTE JAMES BERKELEY HARBIN II, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W91-22107-Q(A) IN THE 204TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Harbin v. State*, No. 05-91-00621-CR (Tex. App.—Dallas Aug. 6, 1992) (not designated for publication).

Regarding the punishment phase of his trial, Applicant contends that the State failed to disclose exculpatory, material evidence in its possession and that his trial counsel provided ineffective assistance for failing to present and for inadequately presenting mitigating evidence. *Brady v. Maryland*, 373 U.S. 83 (1963); *Strickland v. Washington*, 466 U.S. 668 (1984). After

holding an evidentiary hearing, the trial court determined that the trial prosecutor violated *Brady* and that trial counsel's performance was deficient and harmful to Applicant. The trial court's findings and recommendation to grant relief are supported by the record, as are its findings that laches should not bar habeas relief in Applicant's case. *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). Applicant's request for a new punishment hearing is granted. The jury's determination of guilt remains unaltered.

The life sentence assessed in Cause No. W91-22107-Q(A) in the 204th District Court of Dallas County is vacated, and Applicant is remanded to the custody of the Sheriff of Dallas County for a new punishment hearing. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 3, 2015
Do not publish